STATE v. LEANDER WHITAKER.

*Larceny and Receiving—Informal Verdict, duty of court in
relation thereto.*

1. On trial of an indictment for the larceny of cotton and receiving the same,
   knowing it to have been stolen, the jury found the defendant "guilty of

receiving stolen cotton"; *Held*, that the verdict is defective, in that it is not responsive to the charge in the indictment, and a *venire de novo* must therefore be awarded.

2. It is the duty of the court to look after the form and substance of a verdict, and, if it be informal, to direct the jury to reconsider it.

(*State* v. *Arrington*, 3 Mur., 571; *State* v. *Edmund*, 4 Dev., 340; *State* v. *Hudson*, 74 N. C., 246, cited and approved).

INDICTMENT for larceny tried at Spring Term, 1883, of HALIFAX Superior Court, before *Philips*, *J.*

The indictment contained two counts—one for stealing a quantity of cotton, the property of James H. Parker, and the other for feloniously receiving the cotton, knowing it to have been stolen.   Upon the trial in the inferior court of Halifax, before Thos. N. Hill and associate justices, in which the prosecution commenced, the defendant pleaded "not guilty," and the jury returned for their verdict that the defendant "is guilty of receiving stolen cotton."   On motion of the defendant, judgment was arrested, and the state appealed to the superior court, where the judgment of the inferior court was affirmed, and the state appealed to this court.

*Attorney-General*, for the State.
*Mr. J. E. O'Hara*, for the defendant.

ASHE, J.   The record does not disclose upon what ground the judgment was arrested, but we presume it was because it was considered that the verdict of the jury was insensible, or not responsive to the issue presented for their consideration.

The charge was that the defendant received the cotton of one James H. Parker, knowing it to have been stolen, and the jury find "he is guilty of receiving stolen cotton."   The finding is very informal and uncertain, and not responsive to the indictment.   What cotton do they find was received?   To whom did it belong?   Did the defendant, at the time of receiving it, know that it had been stolen?   According to the verdict, the cotton received

may have belonged to any other person than him who is alleged in the indictment to be the owner; or, the defendant may have received the cotton without any knowledge, at the time of receiving it, that it had been stolen. To constitute the offence charged in the second count of the indictment, the goods must be shown to be the property of the person alleged to be the owner. They must have been stolen before their reception by the defendant, and he must have a knowledge of that fact at the time of receiving. But this verdict, in its general terms, cannot be construed to have found any of these essential facts, save that of receiving some stolen cotton. It is not sufficiently responsive to the issue; and whenever a verdict is imperfect, informal, insensible, or one that is not responsive to the indictment, the jury may be directed to reconsider it with proper instructions as to the form in which it should be rendered. 1 Arch. Cr. Prac. & Pl., 176, note 4; *State* v. *Arrington,* 3 Mur., 571.

But if such a verdict is received by the court and recorded, it would be error to pronounce judgment upon it. The most regular course would be to set aside the verdict and order a *venire de novo.* 1 Chitty Cr. Law, 646. This, no doubt, is the proper and regular practice in such cases. It was so held in *State* v. *Edmund,* 4 Dev., 340. But in a similar case before this court the judgment was arrested. *State* v. *Hudson,* 74 N. C., 246. So it would seem that advantage has been taken of such a defect in the verdict by both courses in this court. But it is held that the practice of directing a jury to reconsider their verdict, or ordering a *venire de novo,* is a harsh rule of the common law, which has been so far relaxed as not to apply to cases where the verdict in *terms* or *effect* amounts to an acquittal. 2 Hawk., ch. 47, §§11, 12; 1 Chitty C. L., 648; *State* v. *Arrington, supra.*

To avoid embarrassment in cases like this, it would be well to follow the suggestion of Mr. Bishop, "that in every case of a verdict rendered, the judge or prosecuting officer, or both, should look after its form and its substance, so far as to prevent a doubtful or insufficient finding from passing into the records of the

court, to create embarrassment afterwards, and perhaps the necessity of a new trial." 1 Bish. Cr. Pro., §831.

Apprised as we are of the learning and ability of the presiding officer of the inferior court of Halifax county, we are assured the judgment could not have been arrested in that court for the reason the "receiving" was charged to have been done "feloniously"; and we are unable to discover from the record any other grounds for arresting the judgment than the defective verdict. But we are of the opinion, that instead of arresting the judgment, a *venire de novo* should have been ordered. Let this opinion be certified to the superior court of Halifax county, that a certificate may be issued from that court to the inferior court of said county that a *venire de novo* may be awarded.

Error.                                              *Venire de novo.*