STATE v. MOSES DRAKEFORD.

(Filed 28 May, 1913.)

1. Indictment—Assault—Proof Variance—Interpretation of Statutes —Former Jeopardy—Defenses.

Where the indictment charged an assault, etc., upon "Lila" Hatcher, and the evidence tended to show that it was made upon "Liza" Hatcher, and upon defendant's motion the court

directed an acquittal for the reason that the names were not *idem sonans*, but held the defendant to appear and answer at the next term of the court to the charge of assault, etc., upon "Liza" Hatcher, it is *Held*, (1) that the variance between the charge in the indictment and the proof was immaterial (Revisal, sec. 3254) ; (2) that, notwithstanding, the plea of "former jeopardy" on the second trial could not be sustained, as the instruction in the former action was at the prisoner's request, and had not the effect of placing him in jeopardy.

2. Criminal Law—Jurors—Expression of Opinion—Grand Jurors.

Where a petty juror had sat upon the grand jury at a former term of the court, when a true bill for assault, etc., had been found against the defendant, upon which the action was dismissed at the instance of defendant for defect in the indictment, and the present trial is upon an indictment correcting this error, objection thereto cannot be sustained when the juror, on his *voir dire*, has stated that he had not formed or expressed an opinion, and it does not appear that he was present as a grand juror, or had then voted upon the indictment.

3. Jurors—Motion to Set Aside—Court's Discretion—Appeal and Error.

A motion to set aside a verdict because of a defect as to one of the jurors is ·addressed to the discretion of the trial court, from which no appeal lies.

4. Criminal Law — Prisoner's Statements — Custody—Duress—Evidence.

Where a criminal offense is charged, statements made to an officer of the law by the prisoner are not incompetent because the defendant was in custody or jail at the time, unless there was duress, threats, or ·inducements.

APPEAL by defendant from *Bragaw, J.,* at January Term, 1913, of RICHMOND.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*D. J. Cashwell and J. R. McLendon for prisoner.*

CLARK, C. J. The prisoner was indicted for rape upon "Lila" Hatcher. On the trial the evidence showed that it had been committed on "Liza" Hatcher. The prisoner's counsel insisting that the names were not *idem sonans,* and that there was a

fatal variance between the charge and the proof, the court granted the motion of the prisoner and instructed the jury to find the defendant not guilty of rape upon "Lila" Hatcher, but held him to appear at the next term of court to answer the charge of committing rape upon "Liza" Hatcher. This bill was so found, and when the prisoner was put upon trial his counsel pleaded "former jeopardy."

The court properly overruled the plea of former jeopardy. The names might well have been held *idem sonans,* or, at the most, an immaterial variance, and the former trial should have proceeded. *S. v. Lane,* 80 N. C., 407; *S. v. Collins,* 115 N. C., 716, and numerous instances there collected; 29 Cyc., 272-277; 21 A. and E. (2d Ed.), 313-316.

But the prisoner having been discharged on the former trial at his own instance, cannot now avail himself of this defense. In 12 Cyc., 266, it is said: "Where the accused has secured a decision that an indictment is void, or has procured its being quashed, or has been granted an instruction based on its defective character, directing the jury to acquit, he is estopped, when subsequently indicted, to assert that the former indictment was valid," citing *U. S. v. Jones,* 31 Fed., 725; *Joy v. State,* 14 Ind., 139; *S. v. Meekins,* 41 La. Ann., 543.

On same page, 12 Cyc., 266, it is further said: "If the accused is acquitted by the direction of the court on the ground of material variance, he cannot plead the acquittal as a bar, for he has never been in jeopardy, and when tried on a new indictment, the crime then alleged is not the same as in former indictment. And it has been held that if the accused on the prior trial maintained that the variance was material, and the court directed a verdict of acquittal on that ground, he cannot subsequently on his plea of former acquittal allege or prove that it was not material," citing very many cases which sustain this proposition; among them, *S. v. Birmingham,* 44 N. C., 120; *S. v. Revels, ib.,* 200; *S. v. Sherrill,* 82 N. C., 694.

Where a verdict of acquittal is directed at the request of defendant upon the ground that the indictment is fatally defective, he cannot, on being again prosecuted, claim that the

former indictment was in fact good, and that he has been in jeopardy under it." 17 A. and E. (2 Ed.), 615, and cases there cited.

Clark Criminal Law, sec. 174, says that a defendant may waive his right to plead former jeopardy, either expressly or impliedly, in many cases, citing instances, and among them specifies, "where he procures a verdict or judgment to be set aside on his motion in arrest or for a new trial." In 2 Russell Crimes, 61, the same is held as to this same offense, citing numerous authorities. In 1 Archbold Pleading (8 Ed.), 344, are many decisions to the same effect. Among the cases there cited are *Com. v. Mortimer,* 2 Virg. Cas., 325, which holds that where "a prisoner is acquitted of burning the barn of Josiah Thompson, he cannot plead this acquittal in bar of indictment for burning the barn of Josias Thompson, the real owner, when the acquittal was on the ground that the name of the true owner was not set out properly on the first indictment."

While, as we have said, the court on the first trial should have held that the names were *idem sonans,* or certainly should have held that the variance was immaterial under Revisal, 3254, yet, as the defendant insisted upon the alleged defect in the bill, and procured the judge to direct the verdict of not guilty upon the ground of that variance, upon all the authorities as well as upon the reason of the thing, he cannot now insist that he was in jeopardy on the former trial. The judge having held, at his instance, that there was no evidence to connect him with an assault upon Lila Hatcher, he cannot now contend that he was in jeopardy on a trial for an assault upon Liza Hatcher. This would be trifling with the administration of justice. Of course, counsel are at liberty to ascertain how any proposition of law that is respectfully made and urged "will strike the court." But the court cannot be impressed with the suggestion that the prisoner was put in jeopardy on a former trial when the court held, at the instance of the prisoner himself, that he was not charged with the offense for which the judge bound him over to the succeeding term, at which this indictment was signed and upon which he has now been convicted.

The other exceptions do not require discussion except the seventh, which is that one of the jurors who tried the prisoner was on the grand jury which found the first bill, on which the defendant was acquitted. Aside from the fact that it was not this bill, it does not appear, even if it were this bill, that he voted in passing upon it. He may not have been present when the bill was found. On his *voir dire* the juror stated that he had not formed nor expressed an opinion as to the guilt or innocence of the prisoner. There is nothing to show to the contrary. Certainly we cannot presume that the juror answered untruly.

It has always been held by us that a motion to set aside the verdict because of a defect as to one of the jurors comes too late after verdict, and addresses itself only to the discretion of the court. *Walker, J.,* in *S. v. Lipscomb,* 134 N. C., 697. In that case it was shown that the juror was under 21 years of age. In *S. v. Maultsby,* 130 N. C., 664, the same ruling was made where a relationship was discovered after verdict between the prosecuting witness and a juror, and the court there cited many other cases where a disqualification of a juror on divers grounds had been found after verdict, and in all which cases the court held that the matter rested in the discretion of the trial judge, and that the refusal of the motion was not reviewable on appeal.

We will merely mention as to exception 5, that statements made to an officer are not incompetent simply because the defendant was at the time in custody or jail, unless there was duress, threats, or inducements. *S. v. Jones,* 145 N. C., 471; *S. v. Bohanon,* 142 N. C., 695; *S. v. Horner,* 139 N. C., 603; *S. v. Exum,* 138 N. C., 600.

No error.