CHARLES KANNAN ET AL. V. H. ASSAD.

(Filed 28 September, 1921.)

**1. Appeal and Error—Verdict—Pleadings—Evidence—Admissions.**

On appeal, the verdict of a jury may be given significance and correctly interpreted by reference to the pleadings, the evidence, the admissions of the parties, and the charge of the court.

**2. Same—Motion to Set Aside Verdict.**

Where, upon the admissions of the parties, the cause has been proceeded with in the Superior Court upon conflicting evidence as to the establishment of a certain fact upon an issue agreed upon, a party, in disregard to or in conflict with his admissions, may not, after verdict, successfully move for judgment thereon.

APPEAL by defendant from *Calvert, J.,* at June Term, 1921, of WILSON.

Summary proceedings in ejectment tried originally before a justice of the peace and then *de novo* upon appeal in the Superior Court, where the following verdict was rendered by the jury:

"1. Did plaintiff and defendant enter into a contract for the rental of the property in question for a term of three years beginning 25 February, 1921? Answer: 'Yes.'

"2. Did defendant Assad fail to perform on his part the terms of said contract? Answer: 'Yes.'

"3. What is the reasonable rental value, per month, of the property? Answer: '$20.' "

As bearing upon the meaning and sufficiency of the issues, the following appears in the record:

"At the close of the testimony attorneys for both plaintiffs and defendant, and the court, indulged in some discussion as to the proper issues to be submitted. During the course of the discussion it was conceded by attorneys for both plaintiffs and defendant that if the jury should find that the plaintiffs and defendant did enter into a contract for the rental of the property for a period of three years beginning 25 February, 1921, and should further find that the defendant had failed on his part to do and perform the things that he had agreed to do as to the making of the repairs, that such breach on the part of the defendant Assad would constitute a forfeiture of the rental contract. The whole case was tried upon the theory that if the jury should find that the contract was entered into, as they did find, and should further find that the defendant had failed to perform on his part, as the jury did find, then such failure would constitute a breach of contract. Counsel for both plaintiffs and defendant conceded this position before the court

and in the argument of the case before the jury. It was only after the jury had returned the verdict that any point was made by the defendant that he was entitled to judgment upon the verdict."

From a judgment declaring the lease forfeited and that the plaintiffs are entitled to the immediate possession of the premises, and from his Honor's refusal to enter a contrary judgment on the verdict, the defendant appealed.

*W. A. Finch and Connor & Hill for plaintiffs.*
*O. P. Dickinson for defendant.*

STACY, J. We do not think the defendant is entitled to a judgment on the verdict in view of the admissions and concessions made in open court and before the rendition of the verdict. The case was tried on a different theory with a different understanding, and it would seem that the defendant ought to be content with the result.

It is well understood that, except in proper instances, a party to a suit should not be allowed to change his position with respect to a material matter, during the course of litigation, nor should he be allowed to "blow hot and cold in the same breath." *Ingram v. Power Co.,* 181 N. C., 359; *Lindsey v. Mitchell,* 174 N. C., 458. *A fortiori,* after a verdict has been rendered against him, he should not be permitted to withdraw his admissions solemnly made on trial. This would not be conducive to the ending of litigation, a policy much favored in the law. *Webb v. Rosemond,* 172 N. C., 848; *Coble v. Barringer,* 171 N. C., 445.

His Honor might well have found as a fact, and embodied it in his judgment, that an affirmative answer to the second issue was conceded to mean and admittedly would work a forfeiture of the lease. This would have cured any apparent irregularity. But we think the judgment is supported by the record and is entirely sufficient without such finding being incorporated therein.

It has been held with us in a number of cases that the verdict of a jury may be given significance and correctly interpreted by reference to the pleadings, the evidence, admissions of the parties, and the charge of the court. *Howell v. Pate,* 181 N. C., 117; *Reynolds v. Express Co.,* 172 N. C., 487; *Bank v. Wilson,* 168 N. C., 557. Tested by this rule or standard, we have experienced no difficulty in arriving at the conclusion that the judgment below should be affirmed.

"He that sweareth to his own hurt, and changeth not," is promised an abiding place, from where he "shall never be moved" (Psalm XV), but the present defendant apparently has not brought himself within the protection vouchsafed to this class. He invokes the promise and

asks not to be moved, because he has spoken to his own hurt, but he seems unwilling to comply with the steadfast or "changeth not" condition.

After a careful consideration of the defendant's exceptions and assignments of error, we conclude that the judgment of the Superior Court must be upheld, and it is so ordered.

No error.