## STATE v. TOM LEMONS.

(Filed 2 November, 1921.)

**1. Spirituous Liquors—Intoxicating Liquors—Return in Kind—Barter—Payments—Evidence—Appeal and Error—Harmless Error.**

A loan of intoxicating liquor upon a promise that it should be returned in kind is a violation of our prohibition law, and where there is further evidence that the buyer had promised to pay in money, rejection of testimony as to whether the defendant had eventually been paid is immaterial, either the barter or the promise to pay being sufficient. C. S., 3378.

**2. Criminal Law—Indictment—Spirituous Liquors—Intoxicating Liquors—Statutes.**

The validity of an indictment for the unlawful sale of intoxicating liquors does not depend upon a charge of a sale to any particular person or to persons unknown. C. S., 3383.

**3. Same—Jurisdiction—Courts.**

When it appears that the court has jurisdiction of the offense charged against the defendant of violating our prohibition law, it is not necessary for conviction for that indictment should charge the date of the transaction or that the offense was committed in that county. C. S., 4625.

**4. Same—Waiver.**

Where an indictment for the violation of our prohibition law has been found by the grand jury of the county, the defendant, as to jurisdiction, waives the omission of the indictment to charge that the offense had been committed in that county, by failing to enter a plea in abatement at the trial.

**5. Same—Statutes.**

A motion in arrest of judgment will not be allowed after conviction for omission of the bill of indictment to charge the date of the offense or its failure to show the venue thereof. C. S., 4623, 4625.

**6. Criminal Law — Verdict— Jurors—Explanation—Recommendation of Clemency.**

The verdict in a criminal case should either be "guilty" or "not guilty," and the trial judge should properly see that it is so rendered, it being in his discretion to hear the jurors state their reasons for their verdict of guilty; and a recommendation for clemency is but surplusage.

APPEAL by defendant from *Long, J.,* August Term, 1921, of ROCK-INGHAM.

This was an indictment for violation of the prohibition law, setting out four counts, the first of which alleged an unlawful sale of spirituous liquors and the second for having spirituous liquors in possession for the purpose of sale. The defendant introduced no evidence. Verdict of guilty. When the foreman began giving the reasons for the verdict the court told him that the jury must find for their verdict "guilty" or "not

guilty," and thereupon the jury returned a verdict of guilty with a recommendation for mercy.   Judgment and appeal by defendant.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*J. R. Joyce, W. Leland Stanford for defendant.*

CLARK, C. J.   The witness Price testified that the defendant let him have three ½ pints of whiskey which was loaned to him; that he did not buy it, but that he agreed to return it, and told the defendant that he did not know when he would get the whiskey to return, and afterwards offered to pay him.

The defendant excepted to the refusal to let the witness Price answer the question whether he afterwards paid the defendant.   The question was immaterial and irrelevant, for a sale on credit, or a loan of liquor to be returned, comes within the statute.   In *S. v. Mitchell,* 156 N. C., 659, the Court held: "When one lends spirituous liquor with the understanding that it shall be returned in kind, the title to the liquor passes absolutely on the consideration of its being replaced, and the transaction is a barter or exchange and comes within the meaning of the word 'sale,' and therefore is a violation of the said prohibition law."   *Brown, J.,* at p. 662, very appropriately said: "In adopting the prohibition statute enacted by the General Assembly, our voters had in view the prevention of the traffic in intoxicating liquors in the State.   If it were allowable to carry on an exchange or barter in whiskey, the law would be rendered practically worthless and incapable of enforcement.   Whenever a person was charged with any illicit sale of liquor the defense in most cases doubtless would be that the transaction was only an exchange or barter."

The defendant introduced no evidence but contented himself with demurring to the evidence of the State, which was properly submitted to the jury.   The exceptions to the charge do not require discussion.

The defendant moved here in arrest of judgment on the ground:

1. That the bill of indictment does not allege a sale to any particular person or to a person or persons to the jurors unknown.   Laws 1913, ch. 44, sec. 6, now C. S., 3383, prescribes that in an indictment for this offense "It shall not be necessary to allege a sale to a particular person, and the violation of law may be proved by circumstantial evidence as well as by direct evidence."   This section was sustained in *S. v. Brown,* 170 N. C., 714.

2. That the offense is not alleged to have been committed in Rockingham County, and also argued that the date of the transaction was not set out in the indictment.   C. S., 4625, which was previously Rev., 3255, and Code, 1181, provides that no judgment can be stayed or reversed

(among other things) for failure to state the time or stating an impossible time of the commission of the offense when time, as in this case, is not of the essence of the offense, *S. v. Williams,* 117 N. C., 755, nor for want of a proper and perfect venue when the courts shall appear to have had jurisdiction of the offense.

The heading of the indictment was probably "North Carolina—Rockingham County," and the indictment merely recites that the offense occurred on ........ May, 1921 "at and in the county aforesaid." But whether there was such heading or not, the indictment was found by the grand jury of Rockingham which had jurisdiction of the offense, and if the offense had not been committed in that county the defendant waived the objection by not pleading in abatement. *S. v. Lewis,* 142 N. C., 636. The authorities that a motion in arrest of judgment will not be allowed after conviction for the omission of the date or failure to state the venue of the offense are collected in *S. v. Francis,* 157 N. C., 612; *S. v. White,* 146 N. C., 609, and *S. v. Lancaster,* 169 N. C., 284.

C. S. 4623 provides that no bill or warrant shall be quashed for informality: "Every criminal proceeding by warrant, indictment, information, or impeachment is sufficient in form for all intents and purposes if it express the charge against the defendant in a plain, intelligible and explicit manner, and the same shall not be quashed nor judgment thereon stayed by reason of any informality or refinement, if in the bill or proceeding sufficient matter appears to enable the court to proceed to judgment." This and C. S., 4625, are our principal statutes of jeofails, which have been frequently cited, see citations thereto in the Consolidated Statutes under the above sections.

*Chief Justice Ruffin,* with his strong common sense in the administration of the law quotes the above words from the act of 1811, ch. 809, and says: "This law was certainly designed to uphold the execution of public justice, by freeing the courts from those fetters of form, technicality and refinement, which do not concern the substance of the charge, and the proof to support it. Many of the sages of the law have before called nice objections of this sort a disease of the law, and a reproach to the bench and lament that they were bound down to strict and precise precedents, neither more brief, plain, nor perspicuous than that which they were constrained to reject. In all indictments, and especially those for felonies, exceptions extremely refined and often going to form only, have been, though reluctantly, entertained. We think the Legislature meant to disallow the whole of them and only requires the substance, that is a direct averment of those facts and circumstances which constitute the crime to be set forth. It is to be remarked that the act directs the court to proceed to judgment without regard to two things—the one, form, the

other, refinement." These clear expressions by this eminent judge have been often quoted since in the opinions of this Court.

The requirement of the judge that the jury should find the defendant "guilty" or "not guilty" was eminently proper, *S. v. Godwin,* 138 N. C., 586, and without that there would have been no sufficient verdict. It was his duty to see that the verdict was returned and recorded in proper form. *S. v. Whitaker,* 89 N. C., 472; *S. v. Whitson,* 111 N. C., 697, and cases there cited. How far the court should permit the jury to give their reasons was a matter within his discretion which is not subject to review by us, nor does it appear how far he allowed them to explain their verdict, beyond the fact that they did make a recommendation for clemency—which is mere surplusage and does not vitiate the verdict. *S. v. McKay,* 150 N. C., 816.

No error.