STATE v. BUD BRAME.

(Filed 28 February, 1923.)

1. **Intoxicating Liquors—Spirituous Liquors—Criminal Law—Verdict—Issues—Counts in Indictment—Responsiveness of Verdict.**

Where the defendant is tried for violating our prohibition law, and indicted under the provisions of C. S., 3379, with possession of spirituous liquor for purposes of sale; section 3385, with receiving more than a designated quantity; section 3386, with receiving such liquor more than one quart at a time within fifteen consecutive days; section 3384, with shipping and transporting the same, a verdict upon the evidence "that the defendant is guilty of receiving more liquor than allowed by law, and not guilty of receiving and transporting liquor," is a finding of guilty of violating the provisions of C. S., 3385; and defendant's motion to set aside the verdict as unresponsive to the issues or the counts set out in the bill of indictment, is properly denied.

2. **Intoxicating Liquor — Spirituous Liquor—Courts—Jurisdiction—Federal Statutes—State Statutes—Conflict of Laws.**

C. S., 3385, is to prohibit the receiving of more than specified quantities of spirituous or malt liquors, and is an aid to the enforcement of the Volstead Act, passed in pursuance of the Eighteenth Amendment to the

Constitution of the United States; and the Federal amendment giving concurrent jurisdiction to the Federal and state courts in the enforcement of the prohibition law, does not take from that of the state court the enforcement of a state statute on the subject not in conflict with the Federal statute, whether the state statute was passed before or after the amendment to the Federal Constitution.

APPEAL by defendant from *Horton, J.,* at October Term, 1922, of VANCE.

Criminal prosecution, tried upon an indictment charging the defendant with having or keeping in his possession, for the purpose of sale, certain spirituous liquors (C. S., 3379), and with receiving, at one time or in one package, certain spirituous or vinous liquors or intoxicating bitters in a quantity greater than one quart (C. S., 3385), and further, with receiving certain spirituous or vinous liquors or intoxicating bitters in a quantity or quantities totaling more than one quart during the space of fifteen consecutive days (C. S., 3386), and with shipping and transporting the same in violation of C. S., 3384.

The following is the form of the verdict as recorded:

"The jury come into court and say for their verdict that the defendant is guilty of receiving more liquor than allowed by law, and not guilty of retailing or transporting liquor."

From a judgment of eight months on the roads, the defendant appealed, assigning errors.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*R. S. McCoin, Kittrell & Kittrell, and Murray Allen for defendant.*

STACY, J. The defendant excepts to the form of the verdict upon the ground that it is not responsive to the issues submitted to the jury, or to the counts contained in the bill of indictment. By correct intendment and interpretation, viewing the trial in its entirety, as disclosed by the record, we think it is clear that the verdict rendered amounts to a conviction of the defendant of having violated the following provisions of C. S., 3385: "It is unlawful for any person, firm, or corporation at any one time, or in any one package, to receive at a point within the State of North Carolina for his use, or for the use of any person, firm, or corporation, or for any other purpose, any spirituous or vinous liquors or intoxicating bitters in a quantity greater than one quart, or any malt liquors in a quantity greater than five gallons." *S. v. Parker,* 152 N. C., 790 ("guilty of carrying a concealed weapon in a suitcase"); *S. v. Whitaker,* 89 N. C., 472 ("guilty of receiving stolen cotton"), and

*S. v. Hudson,* 74 N. C., 246 ("guilty of shooting"), all presenting verdicts which were held to be insufficient, are not in conflict with this position. *S. v. Lemons,* 182 N. C., 828; *S. v. Godwin,* 138 N. C., 585, and cases there cited.

But it is contended by the defendant that since the adoption of the Eighteenth Amendment to the Constitution of the United States, and the enactment by Congress of 41 U. S. Statutes at Large, 305, known as the Volstead Act, this section of our prohibition law has been superseded and is no longer of any force or effect; because, it is alleged, the statute in question undertakes to authorize or to sanction, in a measure, at least, what the Federal laws prohibit. *Rhode Island v. Palmer,* 253 U. S., 350; *S. v. Green,* 148 La., 376. The prosecution, on the other hand, contends that this section of our law is constitutional and valid except the last eighteen words of the statute, and that with these words, or all after the words "intoxicating bitters," omitted or stricken out, the section should be upheld as a valid enactment of our Legislature. The following from the National Prohibition Cases, 253 U. S., 350, is cited as authority for this position: "The first section of the Eighteenth Amendment—the one embodying the prohibition—is operative throughout the entire territorial limits of the United States, binds all legislative bodies, courts, public officers, and individuals within those limits, and of its own force invalidates every legislative act—whether by Congress, by a state legislature, or by a territorial assembly—which authorizes or sanctions what the section prohibits."

We can accept neither contention, though cogent and plausible arguments have been advanced in favor of each position. As said by the late *Justice Allen,* in *S. v. Helms,* 181 N. C., 570: "It would be a strange application of law to hold that a defendant, being tried in the State courts for violating a statute of the State, could be convicted because he had violated a Federal statute, or that giving to the Volstead Act the effect of striking down all provisions of state statutes in conflict with its terms it should have further operation to render a citizen of the State indictable under a State statute, which has had a material part stricken out without the consent of the General Assembly, and which as thus changed has never had the approval of the General Assembly." To like effect is the decision in *S. v. Barksdale,* 181 N. C., 627. .

The main purpose of this section, C. S., 3385, is not to authorize or to sanction the receipt of any spirituous or vinous liquors or intoxicating bitters in a quantity of one quart or less, or any malt liquors in a quantity of five gallons or less, but its chief purpose and primary object is to prohibit the receipt, by any person, firm, or corporation, at any one time or in any one package, *for any purpose,* of any spirituous or vinous liquors or intoxicating bitters in a quantity greater than one quart, or

any malt liquors in a quantity greater than five gallons. The section, therefore, is primarily a prohibitory law, and its prohibitory features are in aid of the enforcement of the Eighteenth Amendment, and not in conflict with it. The statute now under consideration deals with the *receipt* of spirituous or vinous liquors or intoxicating bitters, while the Eighteenth Amendment only prohibits the "manufacture, sale, or transportation of intoxicating liquors." The restrictions against receiving more than a given quantity, at any one time or in any one package, are better than no restrictions at all against receiving it, at least such is in favor of making prohibition more effective. To condemn and to make unlawful every receipt of spirituous or vinous liquors or intoxicating bitters in a quantity greater than one quart, or any malt liquors in a quantity greater than five gallons, may also aid, as it certainly will, in preventing sales of liquor, containing as much as one-half of one per cent of alcohol, for beverage purposes, and that is what the Volstead Act prohibits. *Vigliotti v. Commonwealth of Pa.*, 258 U. S., 403.

"The Congress and the several states shall have concurrent power to enforce this article by appropriate legislation" is the language of the second paragraph of the Eighteenth Amendment. The words "concurrent power" are not used here in the sense of denoting or designating the source of the states' power to legislate on the subject of prohibition, but as indicating that the power of Congress shall not be exclusive. *Commonwealth v. Nickerson*, 236 Mass., 296; 128 N. E., 273; 10 A. L. R., 1568. The amendment is a grant of power so far as the Congress is concerned, but not so as to the states. They had the power to legislate on the subject prior to the amendment, and they still have concurrent power with the Congress to enact appropriate legislation for its enforcement. *S. v. Harrison*, 184 N. C., 762. If the section now in question had been enacted the day after the adoption of the Eighteenth Amendment, obviously it would have been "appropriate legislation," by this State, in aid of its enforcement. It is not less so because the statute was already in existence at the time of the adoption of the amendment. *Lanza et al. v. United States*, Law ed., p. 169. There may be varying degrees of appropriateness in the legislation on this subject, but a state statute will not be declared inoperative and void unless wholly inappropriate, or unless it be in conflict with the paramount law. *S. v. Muse*, 181 N. C., 506.

The defendant's motion for judgment as of nonsuit was properly overruled.

No error.