FRANK H. SHORT ET AL. v. A. M. KALTMAN ET AL.

(Filed 15 September, 1926.)

**1. Arrest and Bail—Negligence—"Recklessness"—"Wantonness."**

The verdict of the jury in a negligence case that the recklessness of the driver of an automobile caused the injury of the plaintiff in a collision of the two cars, is alone insufficient for the court to grant plaintiff's motion for the issuance of an execution against the person of the defendant, there being no finding as to whether the act had been wantonly done.

**2. Same—Evidence—Appeal and Error.**

The verdict of the jury upon the issues submitted may be construed in the light of the pleadings and evidence, etc., but the pleadings as to "recklessness" and "wantonness" will not control the answer to the issue of "recklessness" as applied to negligence when on appeal it does not appear what was the evidence thereof introduced upon the trial.

APPEAL by plaintiff, Frank H. Short, from *Grady, J.,* at May Term, 1926, of BEAUFORT.

Civil actions—one for injury to the person, the other for damages to a car—instituted in the Superior Court of Beaufort County by Frank H. Short and McKeel-Richardson Hardware Company respectively, against A. M. Kaltman and Orris N. Brinkley. By consent the two cases were tried together, and resulted in the following verdict:

"1. Were the plaintiffs injured by the negligence of defendants, as alleged in the complaint? Answer: Yes.

"2. If so, what damage is the plaintiff, F. H. Short, entitled to recover for his personal injuries? Answer: $200.00.

"3. What damage is McKeel-Richardson Hardware Company entitled to recover for injury to its car? Answer: $150.00.

"4. Was the defendant, Brinkley, guilty of reckless driving at the time as alleged in the complaint? Answer: Yes."

The two suits arise out of a collision on the Tarboro-Rocky Mount public highway, between a Ford car driven by Frank H. Short and owned by his employer, McKeel-Richardson Hardware Company, and a Willis-Knight car, the property of A. M. Kaltman, and driven at the time by his employee, Orris N. Brinkley.

Each driver contended that the collision was due to the negligence of the other, and it is alleged in the complaint that the defendant, Brinkley, was driving in a reckless and wanton manner in disregard of plaintiff's rights at the time of the injury. The jury found that Brinkley was guilty of reckless driving as alleged in the complaint.

Upon the court's refusal to order that the defendant, Brinkley, be arrested and held to bail, or that execution be issued against his person, in case it were not satisfied out of his property, the plaintiff, Frank H. Short, excepted and appealed.

*Small, MacLean & Rodman for plaintiff.*
*No counsel appearing for defendants.*

STACY, C. J., after stating the case: The appeal presents the single question as to whether the plaintiff, Frank H. Short, on the instant record, is entitled to execution against the person of Orris N. Brinkley. We think not.

In the first place, it will be observed that in the complaint the words "reckless" and "wanton" are used conjunctively, .which, when thus employed, convey the meaning of wilful misconduct or intentional wrong. *Bailey v. R. R.,* 149 N. C., 169. But in the issue submitted to the jury, the word "wanton" is omitted, and only the word "reckless" is used. The record discloses none of the evidence adduced on the hearing

nor the charge of the court to the jury, hence we are required to say whether or not the bare language of the 4th issue, *ex vi termini,* imports liability to arrest.

The word "reckless" has several meanings, and may vary in color and content according to the circumstances and the time in which it is used. *Towne v. Eisner,* 245 U. S., 418. In a mild sense, it means no more than careless, inattentive, or negligent, while as a harsher term, it may mean desperately heedless, wanton or wilful. *Pegram v. R. R.,* 139 N. C., 303; 4 Words & Phrases, 207.

It is a recognized principle with us that a verdict may be interpreted and allowed significance by proper reference to the pleadings, the evidence and the charge of the court. *Reynolds v. Express Co.,* 172 N. C., 491; *Sitterson v. Sitterson,* 191 N. C., 319; *Kannan v. Assad,* 182 N. C., 77. But here we are not advised as to what the evidence was, nor how it was presented to the jury. The trial court was of the opinion that the plaintiff was not entitled to an order of arrest and bail, or to an execution against the person of the defendant, Orris. N. Brinkley. We cannot say, from the record as presented, that there was error in his ruling.

It has been held, in a number of decisions on the subject, that a mere negligent injury, without more, will not authorize an arrest and holding to bail, or an execution against the person. *Swain v. Oakey,* 190 N. C., 113; *Coble v. Medley,* 186 N. C., 479; *Weathers v. Baldwin,* 183 N. C., 276; *Oakley v. Lasater,* 172 N. C., 96.

The record is apparently free from error, hence the judgment, as entered, must be upheld.

No error.