### HERMAN NEWBERN v. L. S. GORDON.

(Filed 16 September, 1931.)

**Trial G b—Verdict should establish facts sufficient to enable the court to proceed to judgment.**

The verdict of the jury upon disputed questions of fact arising upon the evidence must be sufficient to enable the court to proceed to judgment, and where the recovery of usury is sought in the action a verdict establishing the amount of the interest charged is insufficient without a finding that usury was exacted, or, if so, that it was knowingly done, and where the insufficiency cannot be determined by proper reference to the pleadings the evidence and admissions of the parties and the charge of the court, a new trial will be ordered on appeal.

APPEAL by defendant from *Grady, J.,* at June Term, 1931, of PASQUOTANK.

Civil action in the nature of an action for debt to recover penalty for alleged exaction of usury, knowingly made.

Upon denial of liability and issues joined, the jury returned the following verdict:

"1. What amount of interest has been collected by the defendant from Herman Newbern on the $4,000 note, made to him by I. M. Meekins, and secured by note and mortgage of Herman Newbern to I. M. Meekins? Answer: $1,920.

"2. What amount is the plaintiff entitled to recover of the defendant as penalty for usury? Answer: ............"

Judgment on the verdict in favor of the plaintiff for $3,840 and costs, from which the defendant appeals, assigning errors.

*M. B. Simpson and Thompson & Wilson for plaintiff.*
*Worth & Horner and Ward & Grimes for defendant.*

STACY, C. J. The verdict is not determinative of the controversy. It is inconclusive and therefore insufficient to support the judgment. *Bank v. Broom Co.,* 188 N. C., 508, 125 S. E., 12.

In an action involving disputed questions, the verdict should establish facts sufficient to enable the court to proceed to judgment. *Chapman-Hunt Co. v. Board of Education,* 198 N. C., 111, 150 S. E., 713. Here, there is no finding by the jury that usury was exacted, or, if so, that it was done knowingly. C. S., 2306.

Nor is the verdict capable of interpretation, so as to support the judgment *quod recuperet,* by proper reference to the pleadings, the evidence, admissions of the parties, and the charge of the court. *Short v. Kaltman,* 192 N. C., 154, 134 S. E., 425; *Kannan v. Assad,* 182 N. C., 77, 108 S. E., 383.

A new trial will be awarded on authority of *Plotkin v. Bond Co.,* 200 N. C., 590, 157 S. E., 870, and cases there cited.

New trial.