STATE v. A. W. WHITLEY, JOHN ALLMAN, AND R. M. COOK.

(Filed 1 November, 1935.)

**1. Indictment E c—Contention that there was a fatal variance between allegation and proof held untenable in this case.**

Defendants were prosecuted for larceny and receiving under an indictment charging that the goods belonged to "Cannon Mills Company," whereas the State's evidence tended to show that the property belonged to "Cannon Mills." *Held:* Defendants' motion for judgment as of nonsuit on the grounds of a fatal variance between allegation and proof was correctly denied, it appearing that the witnesses meant "Cannon Mills Company" when the abbreviated form was used and the doctrine of *idem sonans* applying.

**2. Indictment B a—Indictment will not be quashed for informality or refinement.**

Defendants contended that the count in the indictment charging receiving stolen goods was fatally defective in that the names of defendants were not repeated in charging *scienter. Held:* The defect was merely an informality or refinement not sufficient to support a quashal of the indictment, the charge being plain, explicit, and sufficient to enable the court to proceed to judgment. C. S., 4623.

**3. Larceny A a—Evidence held to establish the crime of larceny and not embezzlement.**

Where a foreman of the waste-house of a company takes goods of the company from another part of the plant, sometimes concealing same in the waste-house at night after they had been thus purloined, the foreman at no time has lawful possession of the property, and the crime is larceny and not embezzlement.

**4. Judges A a: Criminal Law I k—**

The trial court has no power to correct the verdict by order entered out of term and out of the county, in the absence of consent of the parties or unless otherwise authorized.

**5. Criminal Law L e—**

Where the verdict as entered on the records of the court is sufficient when interpreted with reference to the pleadings, evidence and charge of the court, an unauthorized order entered out of term and out of the county correcting the verdict will not be held for reversible error, the correction not being material or needed.

**6. Criminal Law I k: Trial G b—**

The verdict of the jury, both in civil and criminal actions, will be interpreted in the light of the pleadings, facts in evidence, admissions of the parties, and the charge of the court, and when it is sufficient to support the judgment, when so interpreted, it will not be held sufficient ground for a new trial.

SEPARATE APPEALS by defendants, who were tried jointly, from *Sink, J.,* at April Term, 1935, of CABARRUS.

Criminal prosecution, tried upon indictment charging the defendants A. W. Whitley, John Allman, R. M. Cook, and five others, (1) with the larceny of bath towels, bed sheets, pillow cases and wash cloths, of the value of $200, the property of Cannon Mills Company, and (2) with feloniously receiving said towels, sheets, etc., knowing them to have been feloniously stolen or taken in violation of C. S., 4250.

The State's evidence tends to show that some of the defendants were engaged in a systematic looting of manufactured articles from one of the plants of the Cannon Mills Company at Kannapolis, N. C., and disposing of such stolen articles to the remaining defendants and others for gain.

The defendant John Allman was convicted on the first count of the larceny of said goods and chattels, while the defendants A. W. Whitley and R. M. Cook were convicted on the second count of receiving stolen goods knowing them to have been stolen. None of the remaining five defendants appealed. They were either acquitted, convicted, or entered pleas of guilty or *nolo contendere.*

Judgment as to A. W. Whitley: Imprisonment in the State's Prison for not less than 3 nor more than 5 years.

Judgment as to John Allman: Imprisonment in the State's Prison for not less than 5 nor more than 7 years.

Judgment as to R. M. Cook: Imprisonment in the State's Prison for not less than 2 nor more than 3 years.

The three named defendants filed separate appeals, though tried together, each assigning errors.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*Brooks, McLendon & Holderness and Armfield, Sherrin & Barnhardt for defendant Whitley.*

*Woodson & Woodson for defendant Allman.*

*B. W. Blackwelder for defendant Cook.*

STACY, C. J. Outside of the technical questions, presently to be considered, the case upon trial narrowed itself principally to issues of fact determinable alone by the jury.

Under the motion to nonsuit, the defendants say the record discloses a fatal variance between the indictment and the proof, in that the ownership of the property is laid in "Cannon Mills Company," whereas the State's evidence tends to show the stolen goods to be the property of "Cannon Mills." *S. v. Harris,* 195 N. C., 306, 141 S. E., 883; *S. v. Harbert,* 185 N. C., 760, 118 S. E., 6; *S. v. Gibson,* 170 N. C., 697, 86 S. E., 774. It appears from an examination of the record that the

witnesses used the two expressions interchangeably, meaning each time "Cannon Mills Company" when the abbreviated expression "Cannon Mills" was employed. The difference was not mooted on trial. It seems a clear case of *idem sonans*. *S. v. Drakeford,* 162 N. C., 667, 78 S. E., 308; *S. v. Hester,* 122 N. C., 1047, 29 S. E., 380.

The next position taken by the defendants is, that the second count in the bill of indictment is fatally defective, in that the names of the defendants are not repeated in charging the *scienter*. *S. v. McCollum,* 181 N. C., 584, 107 S. E., 309; *S. v. May,* 132 N. C., 1020, 43 S. E., 819; *S. v. Phelps,* 65 N. C., 450. This is a refinement which the act of 1811, now C. S., 4623, sought to remedy. *S. v. Parker,* 81 N. C., 531. It provides against quashal for informality if the charge be plain, intelligible, and explicit, and sufficient matter appear in the bill to enable the court to proceed to judgment. *S. v. Beal,* 199 N. C., 278, 154 S. E., 604. The exception is too attenuate. *S. v. Lemons,* 182 N. C., 828, 109 S. E., 27; *S. v. Francis,* 157 N. C., 612, 72 S. E., 1041.

Speaking to the subject in *S. v. Shade,* 115 N. C., 757, 20 S. E., 537, *Avery, J.,* delivering the opinion of the Court, said: "The trend of judicial decision and the tendency of legislation is towards the practical view that objections founded upon mere matter of form should not be considered by the courts unless there is reason to believe that a defendant has been misled by the form of the charge, or was not apprised by its terms of the nature of the offense which he was held to answer. Where the defendant thinks that an indictment, otherwise objectionable in form, fails to impart information sufficiently specific as to the nature of the charge, he may before trial move the court to order that a bill of particulars be filed, and the court will not arrest the judgment after verdict where he attempts to reserve his fire until he takes first the chance of acquittal. *S. v. Brady,* 107 N. C., 826."

The point is also made by the defendant Cook that the evidence tends to show embezzlement, rather than larceny, on the part of John Allman, he being foreman of the waste-house of the Cannon Mills, and, therefore, it is contended, the charge of receiving must fail. In reply to this suggestion, it is sufficient to say the fact that Allman was employed by the Cannon Mills Company as foreman of the waste-house did not change his theft of the goods from larceny to embezzlement. The goods were not taken from the waste-house. They were sometimes concealed in the waste-house at night after they had been purloined elsewhere. But Allman at no time had lawful possession of the property.

The final objection taken by the defendants is to the order of the court, made out of term and out of the county and at the time the cases were settled on appeal, directing the clerk to correct his entry as to the verdict against the defendants Whitley and Cook. It seems that the entry

made at the trial was simply "guilty of receiving as to R. M. Cook, A. W. Whitley," whereas the verdict as returned by the jury was "guilty of receiving stolen goods knowing them to have been stolen as to R. M. Cook, A. W. Whitley." The objection is not to the substance of the change (*S. v. Brown,* 203 N. C., 513, 166 S. E., 396), but to the manner and time of the correction.

If the matter were material we would be disposed to sustain the objection, for it has been the uniform holding in this jurisdiction that, except by consent, or unless otherwise authorized, a judge of the Superior Court, even in his own district, has no authority to hear a cause, or to make an order substantially affecting the rights of the parties, outside the county in which the action is pending. *Bisanar v. Suttlemyre,* 193 N. C., 711, 138 S. E., 1. Still this would not work a new trial of the cause, but simply an order of remand to have the correction properly made. *S. v. Brown, supra; Summerlin v. Cowles,* 107 N. C., 459, 12 S. E., 234. However, the change in the instant case is not regarded as material or needed. *S. v. Kinsauls,* 126 N. C., 1095, 36 S. E., 31. The record as a whole reveals the clear intent of the jury.

It is the rule with us, both in civil and criminal actions, that a verdict may be given significance and correctly interpreted by reference to the pleadings, the facts in evidence, admissions of the parties, and the charge of the court. *S. v. Snipes,* 185 N. C., 743, 117 S. E., 500; *S. v. Brame,* 185 N. C., 631, 116 S. E., 164; *S. v. Gregory,* 153 N. C., 646, 69 S. E., 674; *S. v. Long,* 52 N. C., 24; *Pierce v. Carlton,* 184 N. C., 175, 114 S. E., 13; *Kannan v. Assad,* 182 N. C., 77, 108 S. E., 383; *Howell v. Pale,* 181 N. C., 117, 106 S. E., 454; *Reynolds v. Express Co.,* 172 N. C., 487, 90 S. E., 510; *Bank v. Wilson,* 168 N. C., 557, 84 S. E., 866. Tested by this standard, it would seem that the verdict as recorded is sufficient to support the judgments. *S. v. Gregory, supra.* Only in case of uncertainty or ambiguity in the verdict is a *venire de novo* to be ordered. By correct interpretation, the present record makes certain that which otherwise might be doubtful. *Short v. Kaltman,* 192 N. C., 154, 134 S. E., 425; *Sitterson v. Sitterson,* 191 N. C., 319, 131 S. E., 641.

Nothing was said in *S. v. Lassiter, ante,* 251; *S. v. Barbee,* 197 N. C., 248, 148 S. E., 249; *S. v. Snipes, supra; S. v. Shew,* 194 N. C., 690, 140 S. E., 621, or *S. v. Whitaker,* 89 N. C., 472, which militates against our present position. All of these cases, properly interpreted, are accordant herewith. In none of them was the record capable of interpretation so as to support the judgment. *Newbern v. Gordon,* 201 N. C., 317, 160 S. E., 182. Here, the situation is just the reverse. Nevertheless, the admonition given in *S. v. Whitaker, supra,* would seem to be apropos: "To avoid embarrassment in cases like this, it would be well to follow

the suggestion of Mr. Bishop, 'that in every case of a verdict rendered, the judge or prosecuting officer, or both, should look after its form and its substance, so far as to prevent a doubtful or insufficient finding from passing into the records of the court, to create embarrassment afterwards, and perhaps the necessity of a new trial.' 1 Bish. Cr. Pro., sec. 831."

The record is free from reversible error; hence the verdict and judgments must be upheld.

No error.