MAMIE B. OLINGER v. HORTON CAMP ET AL.

(Filed 22 March, 1939.)

1. Physicians and Surgeons § 15e—

*Held:* Even conceding that evidence of negligence of defendant in his operation on and treatment of plaintiff while in the hospital was insufficient, the evidence of defendant's negligence in failing to properly care for plaintiff in the subsequent treatment of the case, *is held* sufficient, and requires the submission of the cause to the jury.

2. Execution § 25—

In an action to recover for malpractice of defendant, execution against the person of defendant may not issue in the absence of allegation and evidence of actual malice. C. S., 673, 768.

APPEAL by defendant from *Williams, J.,* at October Term, 1938, of CHATHAM.

Civil action for damages, tried upon issues raised by the pleadings, on allegations and denials that plaintiff suffered great injury by reason of the negligence of the defendant in operating upon the plaintiff and thereafter in failing properly to care for her in the subsequent treatment of the case.

Of the four issues submitted to the jury, two were answered in favor of the defendant, and the following in favor of the plaintiff:

"2. Was the plaintiff injured by the negligence or want of skill of the defendant, as alleged in the complaint? Answer: 'Yes.'

"3. What compensatory damages, if any, is plaintiff entitled to recover of the defendant? Answer: '$250.00.' "

From judgment thereon, the defendant appeals, assigning errors.

*J. H. Scott and W. R. Clegg for plaintiff, appellee.*

*W. P. Horton, Wade Barber, Walter D. Siler, F. C. Upchurch, and Daniel L. Bell for defendant, appellant.*

STACY, C. J. Conceding without deciding that the evidence of what transpired in the hospital is not sufficient to carry the case to the jury on the issue of any negligence there committed, it does appear that the evidence of negligence in the subsequent treatment of the case is good as against a demurrer and requires its submission to the jury. *Nash v. Royster,* 189 N. C., 408, 127 S. E., 356. This is not seriously questioned.

There is error, however, in that portion of the judgment which authorizes the arrest of the defendant. *Coble v. Medley,* 186 N. C., 479, 119 S. E., 892; *Short v. Kaltman,* 192 N. C., 154, 134 S. E., 425. This will be stricken out. The allegations, C. S., 673, and findings, C. S., 768, are not sufficient to warrant an execution against the person. *Crowder v. Stiers, ante,* 123; *Little v. Miles,* 204 N. C., 646, 169 S. E., 220, and cases there cited. As thus modified, the verdict and judgment will be upheld.

Modified and affirmed.