BETTIE JERNIGAN ET AL. v. R. A. JERNIGAN ET AL.

(Filed 20 March, 1946.)

**1. Partition §§ 5a, 5b—**

Where, in a proceeding for partition, a respondent pleads sole seizin of a part of the *locus* under a deed from the common ancestor, and petitioners attack the validity of the deed, and the matter is transferred to the civil issue docket for trial during term, G. S., 1-399, the proceeding, for all practical purposes, is converted into an action to try title, with the burden on petitioners to show title by tenancy in common as alleged.

**2. Appeal and Error § 8—**

An appeal *ex necessitate* rests upon the theory of trial in the lower court.

**3. Trial § 39—**

A verdict may be given significance and correctly interpreted by reference to the pleadings, the facts in evidence, admissions of the parties, and the charge of the court.

**4. Partition § 5f—**

In this proceeding for partition a respondent pleaded sole seizin of a part of the *locus* under a deed .from the common ancestor. Petitioners

attacked the deed on the ground of undue influence, and the proceeding was transferred to the civil issue docket for trial. Petitioners conceded that unless respondent's deed was obtained by undue influence it conveyed the *locus in quo*. The sole issue submitted was whether respondent's deed was obtained by undue influence. *Held:* A negative answer to the issue, interpreted in the light of the pleadings, admissions and theory of trial, is sufficient to support the judgment that the respondent is the owner of that portion of the land in question.

**5. Deeds § 2c—**

No presumption of undue influence arises from the mere relationship in a conveyance from a parent to her child, and when the evidence discloses only that each lived in her own home and the mother managed her own affairs, and the daughter helped her mother in the mother's old age, the evidence is insufficient to show any confidential or fiduciary relationship between them which would give rise to a presumption of fraud or undue influence.

APPEAL by petitioners from *Carr, J.,* at November Term, 1945, of JOHNSTON.

Petition to sell land for partition.

It is alleged that the *feme* petitioners and respondents, as the only children and heirs at law of Susan Jernigan, deceased, are tenants in common by inheritance of a tract of land in Johnston County, containing 88½ acres, which their mother left undevised at the time of her death, 27 October, 1943.

The respondents denied the cotenancy and pleaded sole seizin, R. A. Jernigan to part of the land under deed from his father and mother, and Minnie (Jernigan) Raynor to the remainder, consisting of 42¾ acres, under deed executed by her widowed mother 26 May, 1941, and registered the same day.

The petitioners replied and attacked the validity of both deeds on the ground of alleged undue influence in their procurement. The claim of R. A. Jernigan was settled by consent judgment. The case was then tried out on the issue raised by the *feme* respondent's plea.

The jury returned the following verdict:

"1. Was the execution of the deed from Susan Jernigan to Minnie Raynor, dated May 26, 1941, procured by undue influence exerted by the said Minnie Raynor upon the said Susan Jernigan as alleged in the plaintiffs' pleadings? Answer: No."

From judgment on the verdict adjudging the respondent, Minnie Raynor, to be the owner of the 42¾ acres in question, the petitioners appeal, assigning errors.

*Parker & Lee for petitioners, appellants.*
*Wellons, Martin & Wellons for respondent, appellee.*

STACY, C. J.   The first question arises upon the challenge to the sufficiency of the record to support the judgment.

The petition to sell the land for partition among the alleged tenants in common was duly filed with the Clerk of the Superior Court of Johnston County on 20 April, 1945.   The *feme* respondent denied the cotenancy and pleaded sole seizin to a part of the land under a deed from the common ancestor, dated 26 May, 1941.   The petitioners replied and attacked the validity of respondent's deed.   The matter was transferred to the civil issue docket for trial during term as in other special proceedings.   G. S., 1-399.   For all practical purposes, this converted the proceeding into an action to try title to the land claimed by the respondent, with the burden on the petitioners as in ejectment.   *Gibbs v. Higgins,* 215 N. C., 201, 1 S. E. (2d), 554; *Bailey v. Hayman,* 218 N. C., 175, 10 S. E. (2d), 667; *S. c.,* 222 N. C., 58, 22 S. E. (2d), 6; *Ditmore v. Rexford,* 165 N. C., 620, 81 S. E., 994; McIntosh on Procedure, 1060. Specifically, the burden was on the petitioners to show title as alleged, *i.e.,* title by tenancy in common.   *Sipe v. Herman,* 161 N. C., 108, 76 S. E., 556; *Alexander v. Gibbon,* 118 N. C., 796, 24 S. E., 748; *Huneycutt v. Brooks,* 116 N. C., 788, 21 S. E., 558.   See *Bailey v. Hayman,* 220 N. C., 402, 17 S. E. (2d), 520.

When the petitioners offered the respondent's deed in evidence for purpose of attack, *Higgins v. Higgins,* 212 N. C., 219, 193 S. E., 159, and failed to make good the attack, they thereby fell short of showing the alleged tenancy in common.   *Huneycutt v. Brooks, supra.*   In fact, they regarded it as showing just the reverse. · And while the issue submitted to the jury deals only with the allegation of undue influence in the procurement of respondent's deed, the verdict seems sufficient to support the judgment when considered in the light of the record and the theory of the trial.   *McKeel v. Holloman,* 163 N. C., 132, 79 S. E., 445. It is stated in the case on appeal that, after a consent judgment was entered as to R. A. Jernigan, "the question of the sufficiency of the deed to Minnie Raynor . . . was left to be tried."   This was the battle ground selected by the petitioners and accepted by the respondent.   *Shipp v. Stage Lines,* 192 N. C., 475, 135 S. E., 339.   Having thus proceeded in the trial court, the appeal *ex necessitate* rests upon the same premise. *Simons v. Lebrun,* 219 N. C., 42, 12 S. E. (2d), 644; *Gorham v. Ins. Co.,* 214 N. C., 526, 200 S. E., 5; *Apostle v. Ins. Co.,* 208 N. C., 95, 179 S. E., 444.

It is the rule with us, both in civil and criminal actions, that a verdict may be given significance and correctly interpreted by reference to the pleadings, the facts in evidence, admissions of the parties, and the charge of the court.·  *Pierce v. Carlton,* 184 N. C., 175, 114 S. E., 13; *Kannan v. Assad,* 182 N. C., 77, 108 S. E., 383; *Howell v. Pate,* 181 N. C., 117,

106 S. E., 454; *Reynolds v. Express Co.,* 172 N. C., 487, 90 S. E., 510; *Bank v. Wilson,* 168 N. C., 557, 84 S. E., 866; *S. v. Cody,* 224 N. C., 470, 31 S. E. (2d), 445; *S. v. Morris,* 215 N. C., 552, 2 S. E. (2d), 554; *S. v. Whitley,* 208 N. C., 661, 182 S. E., 338. Tested by this rule, it would seem that the exception addressed to the alleged inadequacy of the verdict to support the judgment should be overruled. *Pierce v. Carlton, supra.* It was conceded on the hearing, and at the bar here, that unless respondent's deed was procured by overreaching or undue influence, it conveys 42¾-acre tract. The petitioners say in their brief: "Under the rule applicable in an action of ejectment, when an instrument relied upon is introduced as part of the chain of title, it is then open to attack for all purposes on the general issue, regardless of whether the instrument is introduced by the plaintiff for the purpose of attack. *Higgins v. Higgins,* 212 N. C., p. 220." The verdict, then, was intended to establish, and does establish, the validity of respondent's title.

Nor is the case of *Lester v. Haward,* 173 N. C., 83, 91 S. E., 698, presently helpful to the petitioners, for, there, the single issue of sole seizin was answered against the respondents, without any further matters appearing of record to support the judgment *quod recuperet.* *Newbern v. Gordon,* 201 N. C., 317, 160 S. E., 182.

Secondly, the petitioners contend that they were not allowed the benefit of a factual presumption of fraud or undue influence which arises from the relationship of the parties, to wit, parent and child. *McLeod v. Bullard,* 84 N. C., 516; *Lee v. Pearce,* 68 N. C., 76; *Abbitt v. Gregory,* 201 N. C., 577, 160 S. E., 898. In answer to this position, it suffices to point out that while the adult daughter acquired the 42¾ acres of land from her mother in 1941, there is no evidence of any confidential or fiduciary relation, existing between them at the time, which would give rise to a presumption of fraud. *Gerringer v. Gerringer,* 223 N. C., 818, 28 S. E. (2d), 501; *In re Will of Atkinson,* 225 N. C., 526; *In re Craven,* 169 N. C., 561, 86 S. E., 587. The mother lived in her home; the daughter in hers a quarter of a mile away. The mother managed her own affairs; the daughter helped her in her old age. This seems to be all. *In re Craven, supra.* "The mere relation of parent and child does not raise a presumption of undue influence." *Gerringer v. Gerringer, supra.*

The law on the subject was announced in *Wessell v. Rathjohn,* 89 N. C., 377, as follows:

"It may be that there are cases where a parent conveyed property to his child in which the presumption of fact is so strongly adverse to the latter, that the court ought to instruct the jury that they ought to find against the deed, unless the child shall prove to their satisfaction that it was fairly and honestly made; but in such a case, there must be evidence

tending to show, not simply that there might have been, but that there was *mala fides.*

"The relation of parent and child, as to presumptions of fraud and the *onus* of proof to rebut the same, in business transactions between them, does not stand upon the same footing as the relation of trustee and *cestui que trust,* guardian and ward, attorney and client, principal and agent, and like relations; it belongs to a different class of fiduciary relations, in which the presumption is not so strong, nor does it arise under the same circumstances. Besides, the presumption is always against the party having the superior or dominant position or control, and this in the case of parent and child is that of the parent. *Lee v. Pearce,* 68 N. C., 76; *Wright v. Howe,* 52 N. C., 412; *Horah v. Knox,* 87 N. C., 483; *McConnell v. Caldwell,* 73 N. C., 338; Big. Fraud, 190, 264, 265; Best Presumptions, 43 *et seq.*"

A careful perusal of the record leaves us with the impression that no reversible error has been made to appear.

No error.