PAUL H. HARRIS v. S. C. BURGESS AND R. S. BURGESS.

(Filed 25 March, 1953.)

**1. Appeal and Error § 38—**

The burden is upon appellant not only to show error but also to make it appear that the result was materially affected thereby to his hurt.

**2. Evidence § 18—**

An unsigned contract executed at the time is competent to corroborate one party's testimony as to what the oral agreement between them was.

**3. Trial § 17—**

Where evidence is competent for a restricted purpose, its general admission will not be held for error in the absence' of a request by the adverse party that its admission be restricted.

**4. Trial § 14—**

An objection "to the above line of questions" without request that any of the questions or answers, which had been admitted without objection, be stricken, cannot be sustained.

**5. Trial § 39—**

The verdict of the jury may be interpreted and given significance by reference to the pleadings, evidence and charge of the court.

APPEAL from *Patton, Special Judge,* September Term, 1952, of CALDWELL. No error.

Action to establish plaintiff's right as a partner with defendants in the business conducted under the name of Smoky Mountain Fibre Company. Defendants denied there was a partnership and alleged the only contract between them was one of employment.

Plaintiff offered evidence tending to support his plea that the parties had entered into a contract of partnership, and that defendants had breached the agreement and refused to permit plaintiff to share in the partnership.

On the other hand, the defendants' testimony tended to show that there was no contract of partnership but that plaintiff was employed at an agreed salary plus a bonus in the event profits were derived from the business, and that plaintiff had been fully paid according to the contract.

The issues were submitted to the jury and answered as follows:

"1. Did the plaintiff and defendants enter into a partnership contract as alleged in the complaint? Answer: No.

"2. If not, did plaintiff and defendants enter into an employment contract as alleged in defendants' further answer? Answer: No."

Other issues not material to the appeal were not answered.

From judgment on the verdict in favor of the defendants, the plaintiff appealed.

*L. M. Abernethy and Claude F. Seila for plaintiff, appellant.*
*Folger Townsend and O. L. Anderson for defendants, appellees.*

DEVIN, C. J.   The plaintiff has brought forward in his assignments of error several exceptions noted during the trial to rulings of the court in the admission and rejection of testimony.   We have examined each of these exceptions and find them insufficient to warrant setting aside the verdict and judgment and awarding a new trial.   The burden is upon the appellant not only to show error but also to make it appear that the result was materially affected thereby to his hurt.   *Garland v. Penegar,* 235 N.C. 517, 70 S.E. 2d 486; *Call v. Stroud,* 232 N.C. 478, 61 S.E. 2d 342.

Plaintiff excepted to the admission in evidence of an unsigned proposed contract, which it had been testified was drawn up at the time, setting out the terms of the agreement as contended by defendants.   The exception is without merit as the paper was competent to corroborate the defendants' testimony as to what the oral agreement was.   There was no request that the restricted purpose of the testimony be stated to the jury.   Rule 21.

Plaintiff also assigns error in that the defendants in their cross-examination of the plaintiff were permitted to show that after he had been denied share in the business as partner plaintiff, in application for unemployment compensation, stated his last place of employment was with Smoky Mountain Fibre Company.   This evidence, which was admitted without objection, was competent in contradiction of plaintiff's testimony and his contention that his relation to the company was that of partner. While the cross-examination was somewhat prolonged and the objectionable phrase "rocking chair money" was used in some of the questions, there was no objection by plaintiff to any of the questions or answers until after a number of questions about the matter had been propounded and answered, it was noted, "Plaintiff objects to the above line of questions."   There was no request that any of the questions or answers which had been admitted without objection be stricken.   We perceive no just ground of complaint on this score.

The other exceptions to other matters of evidence not herein discussed, we think, present no substantial ground for disturbing the result.

Plaintiff also noted exception to portions of the judge's charge to the jury, but none of them can be sustained.

The verdict on the second issue would seem to negative also the defendants' contention that the contract between the parties was one of employment.   But the second issue was addressed to the defendants' pleading

which attempted to set up a counterclaim against the plaintiff. Apparently, for the purpose of negativing the counterclaim, the jury answered the issue "No." The defendants have not appealed. The plaintiff cannot complain. The rule is that the verdict may be interpreted and given significance by reference to the pleadings, evidence and charge of the court. *White v. Price, ante,* 347; *Jernigan v. Jernigan,* 226 N.C. 204, 37 S.E. 2d 493.

The determinative issue was one of fact, whether the agreement between the parties was for a partnership or for employment. The jury, after hearing all the evidence and the charge of the court, decided the parties did not enter into a contract of partnership. The trial judge approved. This must write finis to the plaintiff's claim.

In the trial we find

No error.