JOHN D. HOWELL v. J. H. PATE.

(Filed 23 March, 1921.)

**1. Verdict—Doubtful Meaning—Appeal and Error.**

When, by reference to the pleadings, evidence, and the charge of the court, the true intent and meaning of the verdict of the jury is found doubtful, uncertain, and ambiguous, a new trial will be ordered on appeal.

**2. Contracts—Breach—Damages—Lands—Vendor and Purchaser.**

The measure of damages for the breach of the vendor of his contract to sell real property is the difference between the contract price and the market value of the land at the time of the breach, plus any part of the purchase price which has been paid, with interest.

**3. Contracts, Written—Land—Equity—Contracts to Convey—Breach—Evidence.**

Time is not of the essence of a contract to convey land, and it is competent for the purchaser to show that he had tendered the balance of the

purchase price in accordance with a parol agreement made between the parties before and after the time specified in the writing, and the statute of frauds has no application.

APPEAL by plaintiff and defendant from *Devin, J.,* at October Term, 1920, of WAYNE.

Civil action for damages, tried upon an alleged breach of the following contract:

GOLDSBORO, N. C., 6 October, 1919.

I agree to make John D. Howell a deed for the 27 acres of land that I bought from Willie B. Pate when he pays me, on 1 January, 1920, the balance of purchase price, $6,500, he now paying me $500 to bind said trade.                    J. H. PATE.

Witness: JOHN D. HOWELL.

It appears from the pleadings that the $6,500 stipulated in the contract to be paid on 1 January, 1920, was not tendered until 6 January, 1920. But in this connection it is alleged that on 6 October, 1919, after the execution of the contract, and again later, the defendant orally agreed to extend the time of payment for a period of two weeks.

Defendant moved for judgment on the pleadings. Motion overruled, and exception.

Upon issues joined, the jury rendered the following verdict:

"1. Was the plaintiff prevented from paying the purchase money for the Pate land on 1 January, 1920, by reason of the agreements and representations of the defendant, as alleged in the complaint? Answer: 'Yes.'

"2. What damage, if any, is the plaintiff entitled to recover of the defendant for failure to convey said land? Answer: '$500.'"

Plaintiff tendered judgment for $500 on the verdict, and for $500 with interest from 6 October, 1919, to cover the initial payment on the contract, which was admitted in the pleadings to have been made and not refunded. His Honor declined to sign judgment tendered by plaintiff, and entered judgment on the verdict for $500 and costs.

Both plaintiff and defendant excepted, and appealed.

*Kenneth C. Royal for plaintiff.*
*Langston, Allen & Taylor for defendant.*

PLAINTIFF'S APPEAL.

STACY, J. Upon the entire record, considering the evidence, the charge of the court, and the verdict, it is not sufficiently clear for us to say whether or not the partial payment of $500, made at the time of the execution of the contract, was considered and taken into account by the

jury in answering the issue of damages. By reason of this uncertainty we have decided to send the case back for a new trial.

It has been held with us in a number of cases that a verdict may be given significance and correctly interpreted by reference to the pleadings, the evidence, and the charge of the court. *Reynolds v. Express Co.,* 172 N. C., 487; *Bank v. Wilson,* 168 N. C., 557, and *S. v. Murphy,* 157 N. C., 615. Thus it would appear that a new trial should be awarded when, upon a proper perusal and examination, the true intent and meaning of the verdict is found to be doubtful, uncertain, and ambiguous. *Donnell v. Greensboro,* 164 N. C., 330.

"The proper measure of damages for the breach by a vendor of his contract to sell real property is the difference between the contract price and the market value of the land at the time of the breach, plus any part of the purchase price which has been paid, with interest." Hale on Damages, p. 364; *Nichols v. Freeman,* 33 N. C., 99; *LeRoy v. Jacobsky,* 136 N. C., 443; *Hopkins v. Lee,* 6 Wheat., 109.

### DEFENDANT'S APPEAL.

Defendant moved for judgment on the pleadings, which was overruled; and this is the only point raised on his appeal. Defendant took the position that the paper-writing above set out was an option, and that the oral agreement to extend the time of payment for a period of two weeks was such a covenant as is required to be put in writing, under the statute of fraud. Holding, as we do, that the instrument, which forms the basis of this action, is a contract to convey land and not an option, it follows that his Honor's ruling on defendant's motion was correct.

The agreement contains the necessary elements of an executory contract, to wit: mutuality of obligation and remedy. *Pollock v. Brookover,* 6 L. R. A. (N. S.), 403; *Davis v. Martin,* 146 N. C., 281. As said in *Davis's case:* "There is a decided distinction between an option to purchase, which may be exercised or not by the prospective purchaser, and an absolute contract of sale, wherein one of the parties agrees to sell and the other to buy certain property, the sale to be completed within an agreed time. In the latter case the mere lapse of time with a contract unperformed does not entitle either party to refuse to complete it, and, therefore, time is not of the essence of the contract; but where the contract is merely an option, generally without consideration, of course time is of the essence."

The true character of the instrument is manifest from its recital of $500 "to bind said trade," evidently meaning a part of the purchase money, as the $6,500 is called "the balance of purchase price."

On plaintiff's appeal, New trial.

On defendant's appeal, No error.

ALLEN, J., dissenting: No error is pointed out in the opinion of the Court, and I see no uncertainty in the verdict. The amount of damages awarded by the jury is easily understood when considered in connection with the evidence, as it appears that the contract price for twenty-seven acres of land was $7,000, and the opinions of the witnesses as to the value of the land at the time of the breach ranged from $200 to $400 per acre.

I think it is clear that the jury concluded that it would be a fair and just settlement for the defendant to return to the plaintiff the amount he had paid, and that this ought to be a settlement of the controversy.