Civil action to recover for materials furnished by plaintiff and used by J. E. Beaman, contractor, in the construction of a building for Perrin W. Gower, owner, and to hold the contractor's bond liable therefor. *Page 538 
The right of the plaintiff to recover is not now questioned, but it is alleged by the Commercial Casualty Insurance Company, surety on the contractor's bond, that after the completion of the building, the owner agreed to release the surety from further liability under its bond and to save it harmless from claims of laborers and materialmen, if the said surety would approve a final settlement between the owner and the contractor, whereby the 15 per cent retained percentage of the contract price, in the hands of the owner, could be released to the contractor, and the owner given possession of the building. This was denied by the defendant Gower.
The jury returned the following verdict:
"1. Is defendant Beaman indebted to plaintiff as alleged in the complaint, and if so, in what amount? Answer: Yes, $1,711.71, with interest from 19 October, 1928.
"2. Was the letter of release signed by Southgate Company, given and accepted upon agreement of Gower to pay all claims? Answer: Yes."
Motion by the defendant Gower for judgment non obstante veredicto on the ground that there was no consideration for the alleged agreement; overruled; exception.
Judgment on the verdict for plaintiff, and judgment over against Perrin W. Gower for Commercial Casualty Insurance Company. The defendant Gower appeals.
Appellant's motion for judgment non obstante veredicto, which, in effect, is but a belated motion for judgment on the pleadings, was properly overruled on authority of the decisions in Jernigan v. Neighbors,195 N.C. 231, 141 S.E. 586, and Shives v. Cotton Mills,151 N.C. 290, 66 S.E. 141. The defendant Gower, in his answer, denies the agreement as alleged by the Commercial Casualty Insurance Company, but this is the extent of his plea.
The record discloses no exceptive assignment of error upon which a reversal of the judgment might properly be based. Hence, it will not be disturbed.
No error. *Page 539