HERMAN M. JOHNSON v. METROPOLITAN LIFE INSURANCE COMPANY, A CORPORATION.

(Filed 30 April, 1941.)

**1. Trial § 45—**

    A judgment *non obstante veredicto,* in effect, is nothing more than a belated judgment on the pleadings.

## 2. Vendor and Purchaser § 25—

Upon the breach by a vendor of his contract to convey realty, the purchaser is entitled to recover those damages naturally and proximately resulting from such breach, which comprise not only the part of the purchase price paid by him with interest, but also the difference between the contract purchase price and the fair market value of the land at the time of the breach, as compensation for the loss of his bargain.

## 3. Same—

The damages recoverable by the purchaser for the vendor's breach of a contract to convey realty is not diminished by good faith nor aggravated by bad faith on the part of the vendor.

## 4. Same—When vendor breaches contract prior to acceptance of deed, purchaser may recover for loss of his bargain even though the contract is to convey by special warranty deed.

Plaintiff alleged a contract on the part of the defendant to convey to plaintiff the *locus in quo* by deed of special warranty, and that, being unable to convey a marketable title, defendant refused to accept the balance of the purchase price and execute deed. Plaintiff admitted that in accordance with a prior order entered in the cause defendant had returned the part of the purchase price paid with interest. The verdict of the jury established breach by defendant of the contract to convey and assessed the market value of the land. *Held:* Even considering plaintiff's admission of the reimbursement of the part of the purchase price paid by him as amounting to an amendment of the pleadings or as a fact of which the court could take judicial notice, the granting of defendant's motion for judgment *non obstante veredicto* is erroneous, since plaintiff is also entitled to compensation for the loss of his bargain, and plaintiff's exception thereto is sustained.

## 5. Estoppel § 3—

The acceptance by the plaintiff of the amount paid by defendant under order of court, representing the total amount which the defendant contends plaintiff is entitled to recover, does not estop plaintiff from further prosecuting the action to recover another element of damage to which he claims he is entitled when the order under which the payment is made specifically provides that the payment should be made without prejudice to the rights of either party.

## 6. Trial § 45—

Since a motion for judgment *non obstante veredicto* is, in effect, a belated motion for judgment on the pleadings, the court, strictly speaking, is confined to the pleadings in passing upon the motion, but where a material fact is admitted by the adverse party, the court may treat such admission as being in the nature of an amendment to the pleadings or as a fact of which the court can take judicial notice, and rule on the motion accordingly.

## 7. Judgments § 17b—

There is no error in the refusal of the court to sign a judgment on the verdict, tendered by the plaintiff, which provides for the recovery of a sum in excess of the amount to which plaintiff is entitled on the verdict, and

the fact that the error in the amount of the judgment tendered is due to a miscalculation of counsel in preparing the judgment cannot affect this conclusion.

**8. Appeal and Error § 2—**

Where no judgment has been entered against defendant, it is not prejudiced by any error committed in the trial, and questions presented by its exceptions noted during the progress of the trial are not properly before the appellate court, and its appeal will be dismissed as premature.

APPEAL by plaintiff and defendant from *Bone, J.,* at November Term, 1940, of LENOIR.

Civil action to recover damages for breach of contract to convey real property.

In 1930 John Duncan Leach *et al.,* being the owners of a certain tract of land in Lenoir County, borrowed $5,000.00 from the defendant. The loan was evidenced by note and secured by trust deed upon the premises. Default having been made in the payment of the installments maturing upon the loan, the substituted trustee, on demand of the defendant, foreclosed the trust deed. The defendant became the purchaser at the foreclosure sale and received foreclosure deed for the premises dated 3 April, 1933. On 5 May, 1933, defendant executed and delivered to the plaintiff a paper writing designated as an "earnest money contract of sale" in which defendant contracted to convey the *locus in quo* to plaintiff on certain conditions and provided the defendant was successful in acquiring title to the farm. It was also agreed that the defendant would give possession to the plaintiff "on the 15th. day of May, 1933, or so soon thereafter as possession can be obtained."

The original owners, after the foreclosure, refused to surrender possession of the premises. Thereupon, on 18 July, 1933, this defendant instituted an action in ejectment against Leach *et al.* The plaintiff herein became a party plaintiff in that action. The defendants therein answered, attacking the validity of the foreclosure and praying that same be annulled. This action resulted in a verdict and judgment for the defendant and the foreclosure sale was set aside and vacated.

On 5 September, 1933, defendant executed and delivered to plaintiff a contract to convey the *locus in quo* to plaintiff, by deed of special warranty, upon the terms and conditions therein set out, and to furnish at the time of the execution of the deed, abstract of title showing a fee simple title in the defendant herein. This contract superseded all prior agreements.

On 22 December, 1936, Leach *et al.,* original owners, instituted an action against the defendant and the original trustees in the deed of trust and the substituted trustees, to restrain foreclosure sale under said deed of trust. Subsequent thereto the indebtedness to defendant was adjusted.

After the judgment in the ejectment action was affirmed on appeal to this Court, the plaintiff herein tendered to the defendant the balance of the purchase money due under the contract of purchase and demanded deed. The defendant declined to accept the purchase money or to execute a deed in fee for said premises. Thereupon plaintiff instituted this action to recover damages for the alleged breach of said contract. Pending the trial the defendant repaid to the plaintiff so much of the purchase money, plus interest, as had been received by the defendant, in addition to all items which plaintiff had paid out for taxes and insurance, with interest thereon. This repayment was made under an order entered by Spears, J., "without prejudice to the rights of either party."

When the cause came on for trial issues were submitted to and answered by the jury in favor of the plaintiff. The court below declined to sign judgment thereon tendered by plaintiff but in lieu thereof signed judgment for the defendant *non obstante veredicto*. Both plaintiff and defendant appealed.

*F. E. Wallace, T. J. White, Jr., and J. A. Jones for plaintiff.*
*R. W. Winston, Jr., Whitaker & Jeffress, and John G. Dawson for defendant.*

BARNHILL, J. A judgment *non obstante veredicto,* in effect, is nothing more than a belated judgment on the pleadings. *Jernigan v. Neighbors,* 195 N. C., 231, 141 S. E., 586; *Iron Works v. Beaman,* 199 N. C., 537, 155 S. E., 166; *Little v. Furniture Co.,* 200 N. C., 731, 158 S. E., 490; *Buick Co. v. Rhodes,* 215 N. C., 595, 2 S. E., 699.

"At common law a judgment *non obstante veredicto* could be granted only when the plea confessed the cause of action and set up matters in avoidance which, if true, were insufficient to constitute either a defense or a bar to the action. It was entered only upon the application of the plaintiff, and never in favor of the defendant. Under the modern practice, it may be given for either party, but only when the party against whom the verdict was returned is entitled to judgment upon the pleadings. 33 C. J., 1178; *Fowler v. Murdock,* 172 N. C., 349; *Baxter v. Irvin,* 158 N. C., 277; *Doster v. English,* 152 N. C., 339; *Shives v. Cotton Mills,* 151 N. C., 290." *Jernigan v. Neighbors, supra.*

A careful reading of the complaint discloses that the plaintiff has adequately alleged a contract of sale of the *locus in quo* and a breach thereof resulting in damages. Hence, the judgment below cannot be sustained for that the plaintiff has failed to state a cause of action.

The judgment itself discloses that this was not the theory upon which the court acted. It provides in part as follows:

"The Court is of the opinion that notwithstanding the verdict of the jury the plaintiff is entitled to recover only such portion of the purchase money as he has paid, plus interest thereon, and the items which he has paid out for taxes and insurance, with interest thereon. It was admitted by both parties that all of said moneys, with interest, had already been paid to the plaintiff under the terms of an order entered in this cause by Honorable Marshall T. Spears, Judge Presiding at the November Term, 1936, of this court, said order having been entered without prejudice to the rights of either party.

"Although the Court is of the opinion that plaintiff is entitled to recover the purchase money paid by him, plus interest and the other items as aforesaid, yet when said recovery is credited with the amount already received by plaintiff from defendant there is no balance left:

"IT IS NOW, THEREFORE, BY THE COURT ORDERED, ADJUDGED AND DECREED that the plaintiff take nothing further by this action," etc.

It, therefore, appears, affirmatively, that the Court concluded, as a matter of law, that the amount paid by the defendant to the plaintiff under the judgment of Spears, J., represents the full measure of damages to which the plaintiff is entitled upon proof of the breach of the contract alleged.

The defendant relies upon this payment as a full discharge of its liability. It contends that, conceding the breach of contract, the amount recoverable by plaintiff is the sums so paid by him, with interest. The trial judge concurred in this view. This position cannot be sustained.

In some jurisdictions the rule obtains that where the vendor in an executory contract for the sale of land is guilty of no bad faith or fraud, but the sale fails in consequence of a defect in his title, and the vendee has paid any part of the consideration, he may recover back the money, with interest; but he can recover nothing for the loss of his bargain. Anno., 48 A. L. R., 19. It is upon this rule that the defendant, asserting good faith, relies. But, good faith is a question of fact. Mere allegation of good faith is not proof thereof.

Even so, this rule is not followed in this jurisdiction. The general rule which has been adopted and applied by this Court is this: the damages recoverable for breach of contract by the vendor to convey real estate are only such as may fairly and reasonably be well considered as arising naturally—that is, according to the usual course of things—from such breach, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as a probable result of the breach. The loss of the vendee's bargain is assessed upon the basis either of the difference between the contract price and the actual value of the land, or the actual value of the land less the

15—219

amount, if any, remaining unpaid on the contract price. One element taken into account is the difference between the contract price and the actual value of the land at the time of the breach. Anno., 48 A. L. R., pp. 14 and 17.

"The proper measure of damages for the breach by a vendor of his contract to sell real property is the difference between the contract price and the market value of the land at the time of the breach, plus any part of the purchase price which has been paid, with interest." *Howell v. Pate,* 181 N. C., 117, 106 S. E., 454; *Newby v. Realty Co.,* 180 N. C., 51, 103 S. E., 909. Good faith on the part of the vendor does not serve to diminish, nor does bad faith aggravate, the damages which naturally and proximately flow from the breach of a contract. If the defendant has breached its contract to convey the *locus in quo* to the plaintiff, it must suffer the consequences under the rule or measure of damages prevailing in this jurisdiction.

The defendant contends here that in any event acceptance by the plaintiff of the amount paid under the order of Spears, J., estops the plaintiff from asserting any right to further compensation. In this connection it must be noted that this order, entered at the November Term, 1936— apparently by consent, and at least without exception—provides that the payment is made "without prejudice to the rights of either party." Plaintiff's rights, if any, having been expressly reserved, it cannot be successfully contended that he is now estopped to assert them.

The court below did not decree, or attempt to decree, that any one of the several affirmative defenses relied upon by the defendant is sufficient in law to constitute a valid defense or to estop the plaintiff or bar his right of recovery. While this question is not presented, perhaps it is not amiss to say that we have carefully examined the affirmative defenses relied upon and are of the opinion that neither is sufficient, as a matter of law, to sustain a judgment *non obstante veredicto.*

In deciding a motion for judgment on the pleadings the Court is confined to the pleadings. The repayment by the defendant to the plaintiff of the amounts received by it under the contract is not alleged. It is admitted by the plaintiff. The judgment is based on this admission. It follows that, strictly speaking, the judgment entered is not a judgment *non obstante veredicto.* Even so, we have treated the admission in the nature of an amendment to the pleadings, or, at least, as a fact of which the Court could take judicial notice, and have decided the question presented.

The judgment on the verdict, tendered by the plaintiff, provides for the recovery of a sum in excess of the amount to which the plaintiff would be entitled on the verdict. There was no error in the refusal of

the Court to sign the same.    That the amount in the judgment tendered was due to an error of counsel in preparing the judgment cannot affect this conclusion.

The judgment below was ill advised. Plaintiff's exception thereto must be sustained to the end that further proceedings may be had on the verdict rendered.

### DEFENDANT'S APPEAL.

Appeals are permitted from final judgments and judgments affecting a substantial right.    No judgment has been signed on the verdict rendered.    Until judgment has been entered, questions presented by exceptions noted during the progress of the trial are not properly before this Court.    McIntosh P. & P., sec. 676 (7).    Until a judgment is entered against the defendant it is not prejudiced by any error committed in the trial.    Its appeal is premature and is dismissed.    *Smith v. Matthews,* 203 N. C., 218, 165 S. E., 350, and cases cited.

On plaintiff's appeal, Reversed.

Defendant's appeal, Dismissed.