HINYARD GROVER FAULK v. ALTHOUSE CHEMICAL COMPANY.

(Filed 8 May 1963.)

**Automobiles §§ 41d; 42h—**

Evidence tending to show that plaintiff before attempting to turn left into a side road gave the statutory signal and observed in his rear view mirror the line of traffic behind him and that the driver of the car immediately behind him was slowing down and giving the appropriate signal, and that defendant, hidden from plaintiff's view by other cars, passed four vehicles and collided with plaintiff's vehicle, *held* sufficient to be submitted to the jury on the issue of defendant's negligence, G.S. 20-140, and not to disclose contributory negligence as a matter of law on the part of plaintiff. G.S. 20-154.

APPEAL by defendant from *Carr, J.,* November 1962 Civil Term of COLUMBUS.

Civil action to recover damages for injuries resulting from a collision between a pickup truck and an automobile.

The jury answered the issues of negligence, contributory negligence, and damages in plaintiff's favor. From a judgment in accord with the verdict, defendant appeals.

*Henry & Henry for defendant appellant.*
*John A. Dwyer for plaintiff appellee.*

PER CURIAM. Defendant assigns as error the denial by the court of its motion for judgment of involuntary nonsuit made at the close of plaintiff's evidence. Defendant offered no evidence.

Plaintiff's evidence considered in the light most favorable to him, *Rodgers v. Thompson*, 256 N.C. 265, 123 S.E. 2d 785, shows the following facts: About 1:30 p.m. on 14 June 1960, a clear day, he was driving a 1953 Dodge pickup truck owned by his father westwardly on U. S. Highway 74-76 just outside the corporate limits of the town of Whiteville. This is a two-lane highway 22 feet wide, and at this point is straight. He was driving on his right side of the highway, and was headed west toward the Columbus County Health Center about six-tenths of a mile west of Whiteville. His father was a passenger in the truck. When he passed the town limits of Whiteville, three or four automobiles were behind him, and he increased his speed to about 40 or 45 miles an hour. As he drove on, he looked in his rear-view mirror and saw traveling behind him a blue Studebaker, a Ford, a light-colored Cadillac, and a white Oldsmobile owned by defendant and driven by its employee. At that time the white Oldsmobile was about 300 yards behind him. When he looked in his rear-view mirror a second time, he did not see the Oldsmobile, but did see this line of traffic behind him. When he was within 150 yards, maybe better, from the road leading into the Health Center, he gave a hand signal that he was turning left into the Health Center road. The record shows that he illustrated his testimony "by holding out his left arm at right angles from his body, in the correct manner of indicating an intention to turn left." As he approached the place of turning left, he decreased his speed to where he was not traveling too fast and was watching cars approaching him on his left. During the last 150 yards he was traveling, he never saw the Oldsmobile because his view of it was blocked by reason of the two cars that were following him. When he came to the point of turning left, he glanced in his rear-view mirror, and saw the Studebaker behind him giving a stop signal or slow-down signal with arm extended out of the window. He proceeded to make a left turn with his arm still extended out of the window. When he was in the turn, he glanced in the rear-view mirror. At that time the rear end of

his truck was over the white line with its front end about off the high-way, and that was when the white Oldsmobile hit him. When he was hit, he was traveling 5 or 10 miles an hour. As a result of the collision, his pickup truck whirled around, overturned, threw his father out, completely turned over, and landed in a ditch headed back toward Whiteville. Immediately prior to the collision he did not hear a thing from the white Oldsmobile; he was never aware that the white Olds-mobile behind him was about to pass. He was injured in the collision.

The collision occurred about six-tenths of a mile west of Whiteville at the intersection of rural paved road 1439, which is 16 or 18 feet wide and leads from U. S. Highway 74-76 at the Health Center over to the Pine Log Road. The speed limit at the scene of the collision is 50 miles an hour. A highway patrolman testified on cross-examination, "The debris that I found was approximately in the middle of the passing, the left or south lane." Plaintiff pulled his hand in to make his turn split seconds before he was hit. He also testified he angled into the turn.

Plaintiff's evidence would permit a jury to find that defendant was guilty of negligence in operating its automobile in violation of G.S. 20-140, reckless driving statute, in that it was attempting to over-take and pass four automobiles in front of it, without giving any signal of its doing so, when the automobiles ahead of it were slowing down due to plaintiff's preparing to make a left turn, which slowing down of automobiles ahead of it, it saw or in the exercise of due care should have seen, and when the Studebaker, the third automobile ahead of its automobile, was giving a stop signal or slow-down signal with arm extended out of the window which, under the circumstances here, it saw or should have seen in the exercise of due care as it neared the Studebaker; and in operating its automobile under the circumstances here without keeping a proper and adequate lookout; and that the de-fendant was further guilty of foreseeable injury, and of proximate causation of plaintiff's injuries as a result of its negligence.

Defendant has conditionally pleaded plaintiff's contributory negli-gence as a bar to recovery. Plaintiff's own evidence does not establish facts sufficient to show that he undertook to make a left turn without observing the precautions prescribed by G.S. 20-154 thereby con-tributing to his injuries, so clearly that no other conclusion can be reasonably drawn therefrom. From a study of the evidence, we are of opinion that plaintiff has not proved himself out of court by his own evidence, so as to be nonsuited on the ground of contributory negli-gence. *Lincoln v. R.R.*, 207 N.C. 787, 178 S.E. 601.

There is no fatal variance between plaintiff's *allegata et probata.* There is no merit to defendant's contention that it was entitled to a directed verdict, or that it was entitled to a judgment *non obstante veredicto. Johnson v. Insurance Co.,* 219 N.C. 445, 14 S.E. 2d 405; *Supply Co. v. Horton,* 220 N.C. 373, 17 S.E. 2d 493.

The trial court properly submitted the case to the jury, and was correct in denying defendant's motion to set the verdict aside, on the ground that it was against the greater weight of the evidence.

There is no exception in respect to the evidence. The charge is not in the record. Defendant's assignments of error are overruled. The judgment below is

Affirmed.