Blount v. Tyndall

---

WILLIAM OSCAR BLOUNT, ADMINISTRATOR OF THE ESTATE OF PEARLIE MAE BLOUNT v. EDDIE HOWARD TYNDALL AND DEWEY BROS., INC. AND WILLIAM O. BLOUNT v. EDDIE HOWARD TYNDALL AND DEWEY BROS., INC.

No. 753SC92

(Filed 7 May 1975)

1. **Automobiles § 90— instructions on counterclaim — no confusion of jury**

     In an action for wrongful death and damages to an automobile, the trial court's awkward instruction concerning defendant's counterclaim did not confuse and mislead the jury in any way where it was clear from the jurors' inquiries and statements that they understood that each side was trying to recover damages from the other side on the ground of negligence in causing the collision.

2. **Automobiles § 90— instruction on duty to yield right of way at intersection — no error**

     Plaintiff's assignment of error to the trial court's instruction that a vehicle approaching an intersection has the duty to yield the right of way to a vehicle already in the intersection is without merit, since that instruction was in accordance with plaintiff's allegations and stipulated contentions.

3. **Automobiles § 91; Trial § 42— wrongful death — damage to automobile — no inconsistent verdicts**

     Where an action for wrongful death was consolidated with an action for damages to an automobile and both parties were the same in each action, the jury's verdict in the wrongful death action that defendant was negligent and plaintiff's intestate was contributorily negligent was not inconsistent with its verdict in the damages action that neither defendant nor plaintiff's intestate was negligent, though the wording itself was inconsistent, since the consequences of each verdict were precisely the same.

**4. Trial § 51— verdict contrary to weight of evidence — motion to set aside**

　　A motion to set aside the verdict as being against the weight of the evidence is addressed to the discretion of the trial judge, and his ruling thereon will not be disturbed in the absence of a showing of abuse of discretion.

APPEAL by plaintiffs from *Webb, Judge.* Judgments entered 11 September 1974 in Superior Court, PITT County. Heard in the Court of Appeals 10 April 1975.

These two actions were consolidated for trial in the Superior Court. In one action the plaintiff, as administrator of his wife's estate, seeks recovery of damages for her wrongful death. In the other action the plaintiff, individually, seeks recovery of damages to his automobile, which was driven by his wife. Both actions arise out of a collision between plaintiff's automobile and defendant's truck on 21 November 1972, at the intersection of N. C. Highway No. 11 and N. C. Highway No. 102 in Pitt County.

The evidence tends to show that plaintiff's intestate drove plaintiff's automobile in an easterly direction on Highway No. 102 and approached its intersection with Highway No. 11. Defendant driver drove the corporate defendant's truck in a northerly direction on Highway No. 11 and approached its intersection with Highway No. 102. Traffic at the intersection of the highways was controlled by electrically operated red and green traffic signals.

The parties stipulated that plaintiff's intestate died as a result of injuries received in the accident. They also stipulated the amount of property damages to each of the vehicles involved in the collision.

Plaintiff's evidence tended to show that plaintiff's intestate entered the intersection at a time when the electric signal was green for traffic on Highway No. 102. Defendant's evidence tended to show that defendant driver entered the intersection at a time when the electric signal was green for traffic on Highway No. 11.

In each case the jury answered the issues to the effect that neither the plaintiffs nor the defendants were entitled to recover damages. Plaintiff in each case appealed.

*James, Hite, Cavendish & Blount, by Robert D. Rouse III, for the plaintiffs.*

*Gaylord & Singleton, by Danny D. McNally, for the defendants.*

BROCK, Chief Judge.

[1] Plaintiffs assign as error that the instructions to the jury by the trial court were so ambiguous and confusing that they caused the jury to return verdicts which plaintiffs contend are inconsistent. Specifically plaintiffs except to the following language reported to have been used by the trial court in its instructions:

> "In each action the defendant has filed what is called a counterclaim, and it is also suing the plaintiff in each action for a sum of money which he contends is for damage by reason of the truck of Dewey Bros., Inc., which Dewey Bros., Inc., contends in the accident which was caused by the negligence of Pearlie Mae Blount."

The foregoing was stated at the beginning of the trial court's instructions. Obviously it is awkward and probably inaccurately reported, but in view of the remaining instructions, we cannot see how this language could have confused or misled the jury in any way. It is clear from the inquiries and statements by the jurors that they understood that each side was trying to recover damages from the other side on the ground of negligence in causing the collision. This assignment of error is overruled.

[2] Plaintiffs assign as error that the trial court instructed the jury that a vehicle approaching an intersection has the duty to yield the right of way to a vehicle already in the intersection. Plaintiffs argue that this principle of law has no application to an intersection in which traffic is controlled by electrically operated stop lights. Plaintiff in each complaint alleged:

> "C. He failed to yield the right-of-way of (sic) another motor vehicle already within an intersection in violation of the motor vehicle laws of the State of North Carolina in such cases made and provided."

Also, in pretrial stipulations plaintiffs stipulated:

"h. Plaintiff in each case contends that defendants were negligent in that:

"3. The driver-agent of Dewey Bros., Inc. failed to yield the right-of-way to another vehicle who (sic) was already entering the intersection, in violation of motor vehicle laws of the State of North Carolina."

Plaintiffs now complain that the trial judge instructed the jury in accordance with their allegations and stipulated contentions. If the instruction constituted error, clearly it was invited and encouraged error. Plaintiffs should not now be heard to complain. This assignment of error is overruled.

[3] Plaintiffs argue that the verdict in the wrongful death case and the verdict in the property damage case are inconsistent with each other and should not have been accepted by the trial judge. Plaintiffs argue that this inconsistency requires a new trial of each action.

When each verdict is considered separately, each is clearly free from ambiguity and each is sufficient to support entry of judgment denying recovery to both plaintiff and defendant. Plaintiffs' argument is based upon the fact that in the wrongful death action the jury found defendant negligent and plaintiff's intestate contributorily negligent, while in the property damage action it found defendant not negligent and the plaintiff's intestate not negligent. Admittedly the wording that the jury used in the two verdicts is inconsistent, but it is clear that the consequences of each verdict are precisely the same: neither party is entitled to recovery from the other. The case of *Cody v. England*, 216 N.C. 604, 5 S.E. 2d 833 (1939), is relied upon by plaintiffs. In our view *Cody* is inapplicable. There the court was speaking of a verdict in one case, not separate verdicts in two cases. Additionally, in *Cody* the verdict did not clearly dispose of the controversy and for that reason was found to be contradictory, ambiguous, and uncertain. In the present cases there is no contradiction, ambiguity, or uncertainty in either verdict. Each is sufficient to support a judgment. The words used by the jury, although inconsistent as between the two verdicts, accomplish exactly the same result in each case. The verdicts support the judgments entered. This assignment of error is overruled.

We note that the verdict in the property damage action contains within itself what appears to be an ambiguity with respect to the issues submitted upon defendants' defense and counterclaim. As noted above, in the property damage action the jury answered that defendants were not negligent. However, upon defendants' defense of contributory negligence, the jury answered that plaintiff's intestate was contributorily negligent. Upon defendants' counterclaim for damages, the jury answered that plaintiff's intestate was not negligent. Plaintiffs, properly, do not contend that plaintiffs were prejudiced by such an ambiguity. This might be cause for defendants to complain, but they have not appealed.

[4]   Plaintiffs assign as error the refusal of the trial judge to set aside the verdicts as being against the weight of the evidence. Such a motion is addressed to the discretion of the trial judge. His ruling thereon will not be disturbed in the absence of a showing of abuse of discretion. *Wilson v. Young*, 14 N.C. App. 631, 188 S.E. 2d 671 (1972) ; 7 Strong, N. C. Index 2d *Trial* § 51 (1968).

In our opinion plaintiffs had fair trials, free from prejudicial error.

Judges PARKER and ARNOLD concur.